[Civ. No. 6449. Second Appellate District, Division Two.—March 25, 1929.]

MERCHANTS NATIONAL BANK OF LOS ANGELES (a Corporation), Respondent, v. CLARK–PARKER CO. et al., Defendants; S. N. CLARK, Appellant.

758

William C. Ring for Appellant.

Rohe & Freston for Respondent.

THOMPSON (IRA F.), J.—Plaintiff filed an action in the court below on a promissory note to which the defendant S. N. Clark responded by an answer and counterclaim. The only denial in the answer is that any part of the sum demanded by the complaint is due, owing or unpaid. On October 15, 1928, the court made an order striking out the counterclaim, and on December 10, 1928, made an order denying a motion made by the defendant S. N. Clark, for leave to file an amended answer and counterclaim. The appeal is attempted to be taken from these two orders, the one striking the counterclaim and the other refusing to permit an amended counterclaim to be filed. The respondent has made a motion to dismiss on the ground that the notice of appeal, in so far as it relates to the first order, was filed too late, it having been filed on December 27, 1928, or on the seventy-second day after the order was made, and on the further ground that the orders are not appealable.

We shall determine the latter contention first for the reason that if the orders are not appealable the former assertion is unimportant. The appellant argues that the orders are in effect a final determination of the cause and he relies very largely upon the case of *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39]. That case presented an entirely different situation from the one which confronts us. There complaints were filed for personal injuries against two railway systems, and about forty fictitious defendants alleged to have been in the employ of one of the defendant corporations. Four of these defendants

filed cross-complaints against the other railway company, alleging negligence on the part of that defendant. The cross-complaints were, on motion, stricken from the files and appeals were taken by the cross-complainants. The court upheld the appeal because in that case the orders were in effect a final disposition of the cause as between each cross-complainant and the cross-defendant. ■ The former adjudications are reviewed and it is made manifest therein from the discussion that the reason we have stated was the controlling feature, but that where, as here, there are but two parties to the action, there is no final judgment until all the matters in litigation are determined. The instant case is no different from the one which would have been presented if a general demurrer to the counterclaim had been sustained without leave to amend. Surely it could not be seriously argued that the assumed order would have been appealable. We see nothing to take this case out of the general rule.

Motion granted.

Works, P. J., and Craig, J., concurred.