[S. F. No. 17746. In Bank. Nov. 19, 1948.]

CARL SJOBERG et al., Respondents, v. H. C. HASTORF et al., Appellants.

Hadsell, Sweet & Ingalls and Sydney P. Murman for Appellants.

Cosgriff, Carr, McClellan & Ingersoll and Luther M. Carr for Respondents.

TRAYNOR, J.—Plaintiffs and defendants executed a contract whereby plaintiffs were to build a house for defendants. Payments were to be made in installments as the work progressed and, according to defendants, the contract contained a clause providing for arbitration of any disputes arising out of the contract. Defendants, dissatisfied with some of the work and materials, refused to pay the last two installments due, and plaintiffs brought suit for this balance. Defendants then petitioned the trial court for an order directing that arbitration proceed and staying plaintiffs' action. After hearing, the trial court found that there was no agreement for arbitration and ordered defendants' petition dismissed. Defendants appeal from this order. Plaintiffs contend that the order is not appealable.

Section 1282 of the Code of Civil Procedure provides for an order compelling arbitration, and section 1284 provides for a stay of suit pending arbitration. Defendants seek relief under both sections. Section 1293 provides that ''An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action'' and is concerned only with appeals after arbitration. Provision for an appeal in this case must be found, if at all, in section 963 of the Code of Civil Procedure providing for appeals from final judgments in special proceedings. Appellants contend that the issue of the appealability of an order denying arbitration was settled in their favor, by implication at least, in *Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335 [182 P.2d 182]. In that case, however, no action on the contract had been previously instituted. Thus the trial court's dismissal of the petition resulted in a final determination of the litigation before the court and was a final judgment in a special proceeding. Appellants' petition here is essentially a cross-complaint for specific performance of a contract to arbi-

trate (see *Trubowitch* v. *Riverbank Canning Co.*, *supra,* 347), and its dismissal did not terminate the main action. The Trubowitch case is therefore not controlling.

Under California procedure there is ordinarily only one final judgment in an action. (*Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 557, 577 [33 ·P. 633] ; *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 P. 579] ; *Gunder* v. *Gunder*, 208 Cal. 559, 561 [282 P. 794] ; *Middleton* v. *Finney*, 214 Cal. 523, 525 [6 P.2d 938, 78 A.L.R. 1104] ; *Bank of America* v. *Superior Court*, 20 Cal.2d 697, 701 [128 P.2d 357] ; *Nicholson* v. *Henderson*, 25 ·Cal.2d 375, 378 [153 P.2d 945].)

A cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it (*Stockton etc. Works* v. *Glens Falls Ins. Co.*, *supra*; *Yandell* v. *City of Los Angeles*, 214 Cal. 234, 235 [4 P.2d 947] ; *Nicholson* v. *Henderson*, *supra,* 381; *Merchants Nat. Bk.* v. *Clark-Parker Co.*, 97 Cal.App. 757, 759 [276 P. 387] ; *Pritchard* v. *King*, 104 Cal.App. 460, 461 [285 P. 1086] ; see *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 529 [246 P. 39]), unless the judgment or order on the cross-complaint may be considered final as to some of the parties. (*Howe* v. *Key System Transit Co.*, *supra*; *Young* v. *Superior Court*, 16 Cal. 2d 211, 214 [105 P.2d 363] ; *Trask* v. *Moore*, 24 Cal.2d 365, 373 [149 P.2d 854].) Since the parties to the contract action and cross-petition in this case are identical, an appeal cannot be allowed merely because an order dismissing the cross-petition has been made.

The question remains whether the order may be considered a final judgment in a collateral proceeding growing out of the action. The present case is similar to that in which the court enters an order to compel arbitration under section 1282 of the Code of Civil Procedure. In both cases the question is whether the ruling as to the right to arbitration may be considered such a final determination of that issue as to give rise to a right to appeal. The authorities in other jurisdictions with similar arbitration statutes are in conflict. The New York courts have taken the view that an order staying trial and directing arbitration is appealable as one that finally determines a special proceeding, which is considered distinct and separate from the arbitration proceedings that follow. (*Hosiery Mfrs. Corp.* v. *Goldston*, 238 N.Y. 22 [143 N.E. 779] ; *Marchant* v. *Mead-Morrison M. Co.*, 252 N.Y. 284 [169 N.E. 386].) The United States Supreme Court has held, however, that orders refusing to stay trial or to direct

arbitration and those granting stays and ordering arbitration are interlocutory and not appealable as final judgments. (*Shanferoke Co.* v. *Westchester Co.*, 293 U.S. 449, 451 [55 S.Ct. 313, 79 L.Ed. 583]; *Schoenamsgruber* v. *Hamburg Line*, 294 U.S. 454, 456 [55 S.Ct. 475, 79 L.Ed. 989].) The California cases hold that neither an order directing arbitration (*Jardine-Matheson Co., Ltd.* v. *Pacific Orient Co.*, 100 Cal. App. 572 [280 P. 697]), nor an order refusing to stay trial pending arbitration is appealable. (*Fischer* v. *Superior Court*, 105 Cal.App. 466, 470 [287 P. 556].)

The foregoing federal and California cases are in accord with the general rules in this state governing appeals from orders that do not finally determine all the issues before the trial court. ■ An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. (*Grant* v. *Superior Court*, 106 Cal. 324, 325 [39 P. 604]; *Grant* v. *Los Angeles etc. Ry. Co.*, 116 Cal. 71, 72 [47 P. 872]; *Fish* v. *Fish*, 216 Cal. 14, 16 [13 P.2d 375].) It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him. (*Grant* v. *Superior Court, supra,* 326; *Los Angeles* v. *Los Angeles C. Water Co.*, 134 Cal. 121, 124 [66 P. 198]; *Free Gold Mining Co.* v. *Spiers*, 135 Cal. 130, 131 [67 P. 61]; *Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 484, 493 [114 P. 838]; *Fish* v. *Fish, supra,* 17; *Bakewell* v. *Bakewell*, 21 Cal.2d 224, 227 [130 P.2d 975].) ■ There is no such direction in the present case. If appellants have a right to arbitration they may assert it on the appeal from the final judgment in the contract action. Thus no greater hardship will result than in any case where a party is forced to stand trial because of an erroneous ruling of the trial court.

The appeal is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.