COUGHLIN, J.
 

 Plaintiff was injured in a scuffle with defendant occurring in a high school gymnasium, and sought recovery of damages under a complaint in two counts; the first alleged defendant “so negligently squeezed, struck, grabbed and hit plaintiff so as to proximately cause plaintiff to sustain the hereinafter described injuries ’ ’; and the second alleged defendant “assaulted and battered plaintiff so as to proximately cause plaintiff to sustain” the aforesaid injuries. A jury trial resulted in a verdict for defendant and judgment accordingly. In due course plaintiff moved “for an Order for Judgment notwithstanding the verdict, and if the same be denied, for a new trial. ’’ The motion was made “upon the grounds of the insufficiency of the evidence to justify the verdict. ’ ’ The court made the following minute order: “Plaintiff’s Motion for Judgment Notwithstanding the Verdict is granted on the issue of liability, and Plaintiff’s Motion for New Trial is granted on the issue of damages, on the grounds of the insufficiency of the evidence to justify the verdict, as more fully set forth in the record. ’ ’ Thereafter, the court signed an ‘‘ order ’ ’, prepared by counsel for plaintiff, dated December 16, 1966, the pertinent parts of which are as follows :
 

 “It Is Hereby Ordered That
 

 “1.....
 

 “2. Judgment notwithstanding the verdict as regards the issue of liability is hereby granted in favor of the plaintiff on the grounds that there was not evidence to return a verdict in favor of Edson and also that the Court was in error in giving jury instructions relating to contributory negligence.
 

 “3. That a new trial be granted on the issue of damages only and that
 

 “4. Judgment previously entered in favor of defendant Edson and against plaintiff Jach shall be and is hereby vacated.” This “order” was filed and entered in the judgment book. Defendant appealed “from the judgment notwithstanding the verdict in favor of plaintiff and from an order granting a partial new trial, dated December 16, 1966.” The order does not purport to be and is not a judgment. (Cf.
 
 Prothero
 
 v.
 
 Superior Court,
 
 196 Cal. 439, 443 [238 P. 357].) An appeal from a nonexistent judgment is a nullity. As a consequence, defendant’s purported appeal from the judgment notwith
 
 *95
 
 standing the verdict should be dismissed.
 
 (Moon
 
 v.
 
 Moon,
 
 62 Cal.App.2d 189, 193 [144 P.2d 599].)
 

 An order granting a motion for judgment notwithstanding the verdict is nonappealable.
 
 (Jordan
 
 v.
 
 Talbot,
 
 55 Cal.2d 597, 602 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161].) Therefore, even assuming defendant’s appeal was directed to the order of December 16,1966, granting plaintiff’s motion for judgment notwithstanding the verdict rather than to a judgment, it must be dismissed.
 

 The court granting a motion for judgment notwithstanding the verdict may reconsider its order in the premises prior to entry of judgment upon the order. (Cf.
 
 Bank of America
 
 v.
 
 Superior Court,
 
 20 Cal.2d 697, 702 [128 P.2d 357].) In light of this fact, it is proper to consider the propriety of the order in the ease at bench which purported to direct entry of judgment in favor of plaintiff on the issue of liability and reserve for further judgment the determination of the issue of damages.
 

 A trial court has no authority to enter multiple final judgments determining multiple issues between the same parties to an action. “A judgment is the final determination of the rights of the parties in an action or proceeding. ’ ’ (Code Civ. Proc., § 577.) Ordinarily only one final judgment in an action is authorized.
 
 (Sjoberg
 
 v.
 
 Hastorf,
 
 33 Cal.2d 116, 118 [199 P.2d 668];
 
 Bank of America
 
 v.
 
 Superior Court, supra,
 
 20 Cal.2d 697, 701.) Thus, in an action involving issues of liability and damages, where the former is determined by a trial confined to that issue no judgment upon the determination is entered until trial of the issue of damages. (Code Civ. Proc., § 598.)
 

 An order determining an issue in a case, but not all issues, even though final for the purpose of further proceedings in the trial, is not a judgment; is not appealable; and may be reviewed only on appeal from the final judgment in the action.
 
 (Sjoberg
 
 v.
 
 Hastorf, supra,
 
 33 Cal.2d 116, 119.)
 

 A court may enter judgment notwithstanding the verdict in favor of plaintiff if the evidence, as a matter of law, dictates a determination of all of the issues in the case in his favor.
 
 (Walters
 
 v.
 
 Bank of America etc. Assn.,
 
 9 Cal.2d 46, 49 [69 P.2d 839, 10 A.L.R. 1259];
 
 Cunning
 
 v.
 
 County of Humboldt,
 
 204 Cal. 31, 35 [266 P. 522].) Where the evidence, as a matter of law, does not support a determination in favor of plaintiff upon all of the issues but does support a determination in favor of plaintiff on some issues, the court should instruct the jury to determine the latter issues in favor of the plaintiff
 
 *96
 
 as a matter of law.
 
 (Blank
 
 v.
 
 Coffin,
 
 20 Cal.2d 457, 461 [126 P.2d
 
 868]; Black
 
 v.
 
 Southern Pac. Co.,
 
 124 Cal.App. 321, 335 [12 P.2d 981].) Where, in a proper ease, the court does not so instruct the jury any error in the premises may be corrected on motion for a new trial, or on appeal from the judgment.
 
 (Sjoberg
 
 v.
 
 Hastorf, supra,
 
 33 Cal.2d 116, 119.)
 

 The authority of a court to enter judgment notwithstanding the verdict because of the insufficiency of the evidence as a matter of law to support the verdict rendered is conferred by Code of Civil Procedure, section 629; is not of common law origin; and is limited by the statutory grant. Section 629 authorizes a party to move for a judgment notwithstanding the verdict and also for a new trial and provides in the event “the court grants the motion for judgment notwithstanding the verdict . . . and likewise grants the motion for a new trial, the order granting the new trial shall be effective only if, on appeal, the judgment notwithstanding the verdict is reversed . . . •” The statute not only does not confer authority to direct a judgment notwithstanding the verdict as to one issue in the ease and grant a new trial as to another issue, but specifically provides the order granting a new trial will be effective only if the order granting judgment notwithstanding the verdict is reversed. As a consequence, any order granting a new trial cannot become effective unless a judgment notwithstanding the verdict has been entered and has been reversed on appeal. These provisions of the statute demonstrate the error in the instant proceeding.
 

 The record in the case at bench indicates the trial court concluded the issue of liability was determinable as a matter of law but the issue of damages was determinable as a question of fact. It should have effected its determination on the liability issue by appropriate instruction; was not authorized to cause a judgment to be entered contrary to the verdict on that issue alone; and could have corrected its error in the premises only upon motion for new trial.
 

 Plaintiff’s motion for a new trial was directed to all of the issues in the case; was based on the ground of insufficiency of the evidence; and authorized consideration of plaintiff’s contention the evidence as a matter of law established liability.
 

 Under the circumstances of this ease the order granting a new trial on the issue of damages alone, which left undetermined the issue of liability, is fatally defective.
 

 Although .plaintiff properly moved.for “Judgment notwithstanding the verdict, and if the same be denied, for a new
 
 *97
 
 trial,” the court, misconceiving its authority in the premises, erred in its disposition of the motions. To correct this error, the order granting a new trial should be reversed and the case remanded for reconsideration of the issues presented by the motions. (Gen. see
 
 Estate of Caldwell,
 
 216 Cal. 694, 698 [16 P.2d 139].)
 

 Our review of the record confirms the conclusion of the trial court the issue of damages was not determinable as a matter of law. Under these circumstances the motion for judgment notwithstanding the verdict should have been denied.
 

 The purported appeal from the judgment notwithstanding the verdict is dismissed. The order granting a new trial on the issue of damages alone is reversed. The case is remanded to the trial court with instructions to vacate the order directing entry of judgment in favor of plaintiff on the issue of liability; to deny the motion for judgment notwithstanding the verdict; and to reconsider the motion for a new trial.
 

 Brown (Gerald), P J., and Whelan, J., concurred.