[Civ. No. 12233. Third Dist. Mar. 26, 1969.]

STANLEY LAUDERDALE, Plaintiff and Respondent, v. U & I EQUIPMENT COMPANY et al., Defendants and Appellants.

Ahrbeck & Cannan and Jess D. Cannan for Plaintiff and Respondent.

Tebbe, Correia & Kleaver, Coshow & Barr, William J. Braun, Carr & Kennedy, J. P. Correia and Daniel S. Frost for Defendants and Appellants.

THE COURT.—Plaintiff Lauderdale seeks dismissal of defendants' appeal on the ground that the ''judgment on verdict'' appealed from is non-appealable in that it is not a final judgment. Trial below was bifurcated pursuant to the provisions of Code of Civil Procedure section 598. A jury found in favor of plaintiff and against defendants on the issue of liability. The ''judgment on verdict'' was duly entered, etc., notices of appeal therefrom timely filed.[1]

Section 598 (Code Civ. Proc.) further provides that where the determination on the issue of liability is *in favor* of any party upon whom liability is sought to be imposed, ''judgment in favor of such party shall thereupon be entered and no trial of other issues in the action as against such party shall be had unless such judgment shall be reversed upon appeal or otherwise set aside or vacated.''

---

[1] In addition to its verdicts upon the issue of the liability of the defendants (third party tortfeasors), the jury returned a verdict against the plaintiffs in intervention (plaintiff's employer and said employer's compensation carrier) denying interveners reimbursement for workmen's compensation benefits paid or payable. (*Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].)

The ''judgment on verdict'' included this decision of the jury as well as the verdicts on the liability issue. However, no appeal was taken by interveners from the ''judgment on verdict.''

Where, however, the decision on that issue is *against* any party upon whom liability is sought to be imposed, ''the trial of the other issues shall thereafter be had at such time, and if a jury trial, before the same or another jury, as ordered by the court either upon its own motion or upon the motion of any party, and judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time.'' (Code Civ. Proc., § 598.)

█ The decision of the jury on the issue of liability represents a determination of but one issue in this case. This determination does not entitle plaintiff to a judgment against defendants, rather it entitles him to proceed with his case against them. Had the decision of the jury on this issue been against plaintiff and in favor of defendants, a final judgment would be entered and plaintiff would then be barred from such further proceedings absent subsequent reversal of that judgment. (See Witkin, Cal. Procedure (1967 Supp.) Trial, § 3A, pp. 633-634; Appeal, § 14, subd. (b), pp. 891-892.)

''. ; . An order determining an issue in a case, but not all issues, even though final for the purpose of further proceedings in the trial, is not a judgment; is not appealable; and may be reviewed only on appeal from the final judgment in the action. (*Sjoberg* v. *Hastorf* . . . [1948] 33 Cal.2d 116, 119 [199 P.2d 668].)'' (*Jach* v. *Edson* (1967) 255 Cal.App. 2d 96, 99 [62 Cal.Rptr. 925].)

█ ''A trial court has no authority to enter multiple final judgments determining multiple issues between the same parties to an action. 'A judgment is the final determination of the rights of the parties in an action or proceeding.' (Code Civ. Proc., § 577.) Ordinarily only one final judgment in an action is authorized. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118 [199 P.2d 668]; *Bank of America* v. *Superior Court*. . . . [1942] 20 Cal.2d 697, 701 [128 P.2d 357].) Thus, in an action involving issues of liability and damages, where the former is determined by a trial confined to that issue no judgment upon the determination is entered until trial of the issue of damages. (Code Civ. Proc., § 598.)'' (*Jach* v. *Edson, supra,* 255 Cal.App.2d 96, 99.)

█ It is clear from the express provisions of section 598 (Code Civ. Proc.) and from the foregoing authorities that a verdict in favor of the party seeking to impose liability upon the others cannot provide the basis for a final judgment. Issues remain to be litigated, thus no final determination of the rights of the parties has occurred.

■ Where the result of the trial on the liability issue does not represent a final determination of the case a minute order should be entered and trial proceed upon the remaining issues. (Witkin, Cal. Procedure (1967 Supp.) Appeal, § 14, pp. 891-892.) It is only where trial on the single issue of liability results in such final determination, i.e., where the decision is in favor of those upon whom liability was sought. to be imposed, that an appeal will lie from the order or judgment entered upon such decision.

■ The verdict in the instant case did not represent a final determination, accordingly no appeal will lie from an order entered upon that verdict irrespective of the appellation given that order by the trial court. ■ The appeals having been taken before entry of final judgment are premature and must be dismissed. (*de Vally* v. *Kendall de Vally Operalogue Co., Ltd.*, 220 Cal. 742, 745-746 [32 P.2d 638]; *Crofoot* v. *Crofoot* (1955) 132 Cal.App.2d 794, 798-799 [283 P.2d 283]; *Woodhouse* v. *Pacific Elec. Ry. Co.* (1952) 112 Cal.App.2d 22, 26 [245 P.2d 701], hear. den.)

The appeals of U & I Equipment Co., Top Line Equipment Company and Estelle Greening de Long are dismissed.