[Civ. No. 11628. Fourth Dist., Div. Two. July 28, 1972.]

HAROLD L. HORTON et al., Plaintiffs and Respondents, v. VIRGIL L. JONES, Defendant and Appellant.

**COUNSEL**

R. W. Levy for Defendant and Appellant.

William P. Camusi and G. Morgan Fitzwater for Plaintiffs and Respondents.

**OPINION**

**GABBERT, Acting P. J.**—This is an action for damage to real property caused by flooding occasioned by the alleged diversion by appellant Jones of the waters of McCoy Wash near Blythe, California. The trial was bifurcated and the sole issue of *liability* was first tried before a jury. A verdict was returned in favor of respondents and against appellant Jones, holding him liable for the injuries suffered. (The Palo Verde Irrigation District was originally a second defendant; the jury brought in a verdict in favor of the District, holding it free of liability.) A judgment was pur-

portedly entered by the clerk. Motions to vacate the judgment, for a new trial and for judgment notwithstanding the verdict were filed by appellant. The motion to vacate the judgment was granted, ostensibly for the reason the judgment, and the inclusion of costs therein, was entered prematurely because of the bifurcated nature of the trial. The motions for new trial and for judgment notwithstanding the verdict were denied. Notice of appeal from the order denying the motion for judgment notwithstanding the verdict was filed. There was no appeal from the denial of the motion for new trial. Normally, an appeal from an order denying a judgment notwithstanding the verdict is an appealable order. (Code Civ. Proc., § 904.1, subd. (d); *Taylor* v. *Hawkinson*, 47 Cal.2d 893, 895 [306 P.2d 797].)

However, we must consider whether such an order is appealable under the circumstances of this case. We are faced with the propriety of an intermediate appeal after denial of a motion for judgment notwithstanding the verdict in a bifurcated trial, following a verdict on liability but before trial of the issue of damages. We have been cited to no case specifically determining this question, nor have we found any through independent research. In their briefs no question was raised by the parties concerning the appealability of the order. We requested additional briefs from counsel seeking their arguments as to the applicability of the "one final judgment rule" to this case.

Section 598 of the California Code of Civil Procedure,[1] commonly known as the bifurcated trial rule, provides for determination of the negligence issue at a trial before evidence on the issue of damages is introduced. A principal reason for the rule is set out in *Trickey* v. *Superior Court*, 252

---

[1]Code of Civil Procedure, section 598 provides:

"In a trial by jury, the court may, when the convenience of witnesses or the ends of justice would be promoted thereby, on motion of a party, after notice and hearing, make an order, no later than the close of pretrial conference in cases in which such pretrial conference is to be held, or, in other cases, no later than 10 days before the trial date, that the trial of the issue of liability shall precede the trial of any other issue in the case, except for special defenses which may be tried first pursuant to Section 597. In a nonjury trial, the court may on its own motion make such order at any time. If the decision of the court, or the verdict of the jury upon such issue so tried is in favor of any party on whom liability is sought to be imposed, judgment in favor of such party shall thereupon be entered and no trial of other issues in the action as against such party shall be had unless such judgment shall be reversed upon appeal or otherwise set aside or vacated.

"If the decision of the court, or the verdict of the jury upon the issue of liability so tried shall be against any party on whom liability is sought to be imposed, the trial of the other issues shall thereafter be had at such time, and if a jury trial, before the same or another jury, as ordered by the court either upon its own motion or upon the motion of any party, and judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time."

Cal.App.2d 650, 653 [60 Cal.Rptr. 761], as follows: "Code of Civil Procedure section 598 was adopted in 1963 as the result of Judicial Council recommendations. Its objective is avoidance of the waste of time and money caused by the unnecessary trial of damage questions in cases where the liability issue is resolved against the plaintiff. (17th Biennial Report, Judicial Council (1959) p. 30; 18th Biennial Report (1961) pp. 56-57; 19th Biennial Report (1963) p. 32; see also Committee on Adm. of Justice Report, 36 State Bar J. p. 416 (1961).)"

Appellant argues in his letter brief that Code of Civil Procedure, section 904.1, subdivision (d), provides that an appeal may be taken from an order denying a motion for judgment notwithstanding the verdict and that there is nothing in the statute to indicate the appealability of such an order depends upon the existence of a final judgment in the trial court. Appellant notes Code of Civil Procedure, section 629 provides in part in its last paragraph "Where a new trial is granted to the party moving for judgment notwithstanding the verdict, and the motion for judgment notwithstanding the verdict is denied, the order denying the motion for judgment notwithstanding the verdict shall nevertheless be reviewable on appeal from said order by the aggrieved party." Thus, he points out, the order denying a motion for judgment notwithstanding the verdict is appealable even though a new trial has been granted and there is no final judgment. The statement is true, however, a new trial may only be granted after *all* issues have been tried. It cannot be granted until after both phases of a bifurcated trial have been tried. (*Mays* v. *Disneyland, Inc.*, 213 Cal.App.2d 297 [28 Cal.Rptr. 689]; *Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) Thus, under Code of Civil Procedure, section 629, a motion for judgment notwithstanding the verdict cannot even properly be *made*, until all the issues have been disposed of. It follows that an appeal cannot lie, since the motion cannot be properly entertained.

Appellant further contends that to carry out the objectives of the bifurcated trial statute, if his motion for judgment notwithstanding the verdict should have been granted, the time and expense involved in the trial of the issue of damages would be wasted. In this case, appellant estimates such trial will require three to four weeks of court time.

Respondents reply that Code of Civil Procedure, section 629 permits a motion for judgment notwithstanding the verdict to be made "within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial." They claim by reading the two sections (Code Civ. Proc., §§ 629 and 659) together, a motion for judgment notwithstanding the verdict can only be made when

all the issues of a case are disposed of by verdict or decision. Respondents further contend that while Code of Civil Procedure, section 904.1, subdivision (d), does permit an appeal from an order denying a motion for judgment notwithstanding the verdict, such section should be limited to an order resulting from a motion which had been filed after a determination of all the issues in a bifurcated trial situation in which liability has been found against the party charged.

Both parties express a desire to have this court dispose of the liability issue on its merits. However, if the attempted appeal is from a nonappealable order, it is the duty of this court on its own motion to dismiss the appeal. ■ As set forth in 6 Witkin, California Procedure (2d ed. 1971) page 4046: "Since an appealable judgment or order is essential to appellate *jurisdiction,* the parties cannot by any form of consent make a nonappealable order appealable. The court must of its own motion dismiss an appeal from such an order. [Citations omitted.]"

In the same text (p. 4046), Mr. Witkin additionally points out: "The fundamental principles that subject matter jurisdiction cannot be created by consent, and that appellate jurisdiction is wholly dependent upon the existence of a judgment or order made appealable by statute . . . are occasionally forgotten when the parties do not raise the issue. Theoretically the court should always dismiss an appeal from a nonappealable order, on its own motion, without determining the merits, for lack of appellate jurisdiction. But it does not always do so: Sometimes the court first determines the merits in an elaborate advisory opinion which becomes a precedent, then dismisses the appeal. . . . Sometimes it simply accepts (i.e., creates) appellate jurisdiction because it seems desirable to do so."

■ We do not deem it desirable to attempt to create appellate jurisdiction in this case. We are of the opinion that the provisions of Code of Civil Procedure, section 598, providing for bifurcated trials, do not designate a "judgment" of any sort as against a party on whom liability is imposed until the conclusion of the damages trial. Thus, a positive verdict of liability in such a trial merely has the same status as a partial verdict or finding and cannot be considered as having disposed of all the issues so as to permit an appeal after denial of a motion for judgment notwithstanding the verdict.

The "one final judgment rule" has been denominated a basic principle of appellate practice. (See: Comment, 15 Hastings L.J. 93; 6 Witkin, Cal. Procedure (2d ed. 1971) p. 4050 et seq.) The codification of the rule is set out in Code of Civil Procedure, section 904.1: an appeal may be taken from a superior court "From a judgment, except (1) an interlocutory

judgment, other than as provided in subdivisions (h), (i) and (j), (2) a judgment of contempt which is made final and conclusive by Section 1222, or (3) a judgment on appeal from a municipal court or a justice court or a small claims court." As Witkin states in the above-cited reference: ". . . the intent of such statutes is to codify the *final judgment rule,* or rule of *one final judgment,* a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case. [Citations omitted.]"

■ The rule, in general, permits an appeal to be taken only from a final judgment which disposes of all the issues presented in the action. (*Stockton Combined Harvester & Agricultural Works* v. *Glens Falls Ins. Co.,* 98 Cal. 557, 577 [33 P. 633]; *Greenfield* v. *Mather,* 14 Cal.2d 228, 233 [93 P.2d 100]; *Mays* v. *Disneyland, Inc., supra,* 213 Cal.App.2d 297, 299.) ■ Quite obviously, all issues in the case at bench were not disposed of on the first phase of the trial as to liability. The ultimate factual issue, that of damages, still remained before the trial court for determination.

On the basis of reason we are convinced the denial of a motion for judgment notwithstanding the verdict does not give rise to any right of appeal when the motion is made on behalf of a party against whom liability is imposed on the first phase of a bifurcated trial pursuant to section 598, Code of Civil Procedure. The first paragraph thereof states that if the ". . . decision of the court, or the verdict of the jury upon such issue so tried is in favor of any party on whom liability is sought to be imposed, judgment in favor of such party shall thereupon be entered and no trial of other issues in the action as against such party shall be had unless such judgment shall be reversed upon appeal or otherwise set aside or vacated." This paragraph contemplates the right of appeal by a *losing plaintiff* after trial of the issue of liability.

The second paragraph of the same section (Code Civ. Proc., § 598) reads: "If the decision of the court, or the verdict of the jury upon the issue of liability so tried shall be against any party on whom liability is sought to be imposed, the trial of the other issues shall thereafter be had at such time, and if a jury trial, before the same or another jury, as ordered by the court either upon its own motion or upon the motion of any party, and judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time."

Under this statutory scheme, where there are, in effect, two trials in one action, the bald words of Code of Civil Procedure, section 904.1, subdivi-

sion (d), that an appeal may be taken from an order denying a motion for judgment notwithstanding the verdict, cannot be harmonized with the bifurcated trial section (Code Civ. Proc., § 598) itself without destroying the latter. It does not appear reasonable the Legislature would have intended a *losing defendant* in a case tried under Code of Civil Procedure, section 598, to have the benefit of two possible appeals—one on the issue of liability and a second on the issue of damages—in a proceeding primarily designed to avoid the waste of trial time and litigants' money.

If a defendant in a bifurcated trial is to be permitted to appeal the liability verdict before the trial of the damage issue, the words "before the same . . . jury" would have to be stricken from Code of Civil Procedure, section 598. It would obviously be impossible to have a trial before the same jury in the event the defendant was unsuccessful on appeal, which appeal might take many months or even years for its determination.

In *Lauderdale* v. *U & I Equip. Co.,* 271 Cal.App.2d 140 [76 Cal.Rptr. 483], after a decision by a jury in favor of plaintiff and against defendants on the issue of liability in a bifurcated trial, defendants appealed the "judgment on verdict." The court on appeal dismissed the appeal on plaintiff's motion. We quote the following portion of that opinion:

"The decision of the jury on the issue of liability represents a determination of but one issue in this case. This determination does not entitle plaintiff to a judgment against defendants, rather it entitles him to proceed with his case against them. Had the decision of the jury on this issue been against plaintiff and in favor of defendants, a final judgment would be entered and plaintiff would then be barred from such further proceedings absent subsequent reversal of that judgment. [Citations omitted.]

" '. . . An order determining an issue in a case, but not all issues, even though final for the purpose of further proceedings in the trial, is not a judgment; is not appealable; and may be reviewed only on appeal from the final judgment in the action. (*Sjoberg* v. *Hastorf* . . . 33 Cal.2d 116, 119 [199 P.2d 668].)' (*Jach* v. *Edson* (1967) 255 Cal.App.2d 96, 99 [62 Cal.Rptr. 925].)

" 'A trial court has no authority to enter multiple final judgments determining multiple issues between the same parties to an action. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) Ordinarily only one final judgment in an action is authorized. (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 118 [199 P.2d 668]; *Bank of America* v. *Superior Court* . . . 20 Cal.2d 697, 701 [128 P.2d 357].) Thus, in an action involving issues of liability and damages, where the former is determined by a trial confined to that issue

no judgment upon the determination is entered until trial of the issue of damages. (Code Civ. Proc., § 598.)' (*Jach* v. *Edson, supra,* 255 Cal.App. 2d 96, 99.)

"It is clear from the express provisions of section 598 (Code Civ. Proc.) and from the foregoing authorities that a verdict in favor of the party seeking to impose liability upon the others cannot provide the basis for a final judgment. Issues remain to be litigated, thus no final determination of the rights of the parties has occurred.

"Where the result of the trial on the liability issue does not represent a final determination of the case a minute order should be entered and trial proceed upon the remaining issues. (Witkin, Cal. Procedure (1967 Supp.) Appeal, § 14, pp. 891-892.) It is only where trial on the single issue of liability results in such final determination, i.e., where the decision is in favor of those upon whom liability was sought to be imposed, that an appeal will lie from the order or judgment entered upon such decision.

"The verdict in the instant case did not represent a final determination, accordingly no appeal will lie from an order entered upon that verdict irrespective of the appellation given that order by the trial court. The appeals having been taken before entry of final judgment are premature and must be dismissed. (*de Vally* v. *Kendall de Vally Operalogue Co., Ltd.,* 220 Cal. 742, 745-746 [32 P.2d 638]; *Crofoot* v. *Crofoot* (1955) 132 Cal.App.2d 794, 798-799 [283 P.2d 283]; *Woodhouse* v. *Pacific Elec. Ry. Co.* (1952) 112 Cal.App.2d 22, 26 [245 P.2d 701], hear. den.)"

While *Lauderdale, supra,* was not an appeal taken after a motion such as is before us in the case at bench, its reasoning on an intermediate appeal in the middle of a bifurcated trial, which went against a defendant on the issue of liability, is analogous. We should look at the substance and legal effect of that which appellant before us is attempting to do in the present bifurcated trial situation. In effect, he is attempting to appeal from the determination of one issue during a continuing trial, treating it, in essence, as having reached a final determination of the whole cause, rather than as having completed but a portion of the trial. The so-called "judgment" was vacated by court order, no final "judgment" exists.

Appellant makes the final argument the motion for judgment notwithstanding the verdict should have been granted because the trial of the damages phase of the case may be protracted. An equally compelling policy argument can be made that to permit a negligent defendant to appeal before determination of the issue of damages, may unreasonably delay recovery for a deserving plaintiff. The possible hardships under such circumstances in personal injury cases are obvious. Further, as we have noted

above, to permit an intermediate appeal after partial trial where a defendant has been held liable would give rise to the possibility of two appeals with attendant delay and additional expense.

If Code of Civil Procedure, section 598, is to be rewritten to permit an appeal by a losing defendant without requiring him to continue the trial and litigate the damage issue, such is a task for the Legislature. To do so would destroy one of the basic purposes of bifurcation—the expeditious decision of cases. It would lead to double appeals and would frustrate settlements even after the determination of a defendant's liability.

The appeal is ordered dismissed on our own motion.

Tamura, J., and Kaufman, J., concurred.