[No. F010464. Fifth Dist. Jan. 25, 1989.]

PLAZA TULARE et al., Plaintiffs and Respondents, v.
TRADEWELL STORES, INC., et al., Defendants and Appellants.

COUNSEL

Griswold, Bissig, LaSalle, Cobb & Dowd and Robert W. Gin for Defendants and Appellants.

Kahn, Soares & Conway, Leonard Herr and G. Scott Benker for Plaintiffs and Respondents.

OPINION

FRANSON, P. J.—This action arises out of a dispute over the interpretation of a written lease for commercial properties. At the settlement conference, the parties agreed to bifurcate the trial under Code of Civil Procedure section 598[1] and to try the issue of the lease interpretation first. The trial court interpreted the lease in favor of respondents. The issue of damages has not yet been litigated.

Appellants have appealed from the order on interpretation of lease and partial judgment. ■ Respondents have moved to dismiss this appeal on the ground that it is taken from a nonappealable order.

■■ When enacted in 1963, section 598 provided that a judge could order the trial of the issue of liability before the trial of any other issue in

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

the case. The objective of this section was the avoidance of the waste of time and money caused by the unnecessary trial of damage questions in cases where the liability issue was resolved against the plaintiff. (*Trickey* v. *Superior Court* (1967) 252 Cal.App.2d 650, 653 [60 Cal.Rptr. 761].) Thus, if the issue of liability was decided in favor of the defendant, judgment would be entered at that time. However, if the liability issue was resolved against the defendant, section 598 provided that "the trial of the other issues shall thereafter be had at such time, . . . and judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time."

Where the trial is bifurcated under this section as originally enacted, a "verdict in favor of the party seeking to impose liability upon the others cannot provide the basis for a final judgment. Issues remain to be litigated, thus no final determination of the rights of the parties has occurred." (*Lauderdale* v. *U & I Equip. Co.* (1969) 271 Cal.App.2d 140, 142 [76 Cal.Rptr. 483].) In general, only a final judgment may be reviewed on appeal. (*Ibid.*) A positive verdict of liability in such a trial merely has the same status as a partial verdict or finding. (*Horton* v. *Jones* (1972) 26 Cal.App.3d 952, 956 [103 Cal.Rptr. 399].) Under section 904.1, the codification of the "final judgment rule," an appeal may not be taken from such an interlocutory judgment except as provided therein. Consequently, "[w]here the trial is bifurcated and the issue of damages remains to be tried, appeal from the interlocutory judgment of liability is premature." (*Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 174 [76 Cal.Rptr. 680].)

Section 598 was rewritten in 1977. The courts have not yet determined whether the above analysis still applies to this section as amended.

The 1977 amendments removed the restriction contained in the prior law limiting bifurcation to the issue of liability and eliminated the procedural disparity between jury trials and court trials. The purpose of these amendments was to expand the flexibility of courts to handle particular cases as expeditiously as possible. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 295 (1977-1978 Reg. Sess.) as amended Mar. 21, 1977.) However, none of the changes affect the appealability of an interlocutory judgment of liability. Section 598 still provides that after the trial of the remaining issues, "judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time." The appeal from the order on interpretation of lease and partial judgment is therefore premature.

We reject respondents' request for sanctions, including attorney's fees, pursuant to section 907.

The appeal is ordered dismissed. Costs on appeal are awarded to respondents.

Martin, J., and Ardaiz, J., concurred.