[No. E014095. Fourth Dist., Div. Two. Oct. 17, 1995.]

THE PEOPLE, Plaintiff, v.
HING KWEE, Defendant;
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP,
Appellant.

## COUNSEL

Beverly A. Stuart, Horvitz & Levy, Sandra J. Smith and Mary F. Dant for Appellant.

Alan K. Marks, County Counsel, and Daniel B. Haueter, Chief Deputy County Counsel, for Respondent.

## OPINION

**RICHLI, J.**—Joseph Caprai, an employee of appellant Southern California Permanente Medical Group (employer), was seated as a juror in the case People v. Kwee (Super. Ct. San Bernardino County, 1994, No. RCR-21654). After Caprai was seated as a juror, he discovered that the employer's jury duty policy was to pay him only for those days he actually served as a juror. Juror Caprai complained to the court that the employer was going to require him to work as normally scheduled on every other weekend, or require him to use vacation days or unpaid time off if he wished to have a weekend day off on the weekends he normally scheduled to work. The court ordered the employer to excuse Juror Caprai from weekend work and to nevertheless pay Caprai for those weekend days he did not work. The employer appeals from the order of February 17, 1994. We reverse.

### DISCUSSION

The order requiring the employer to both excuse Juror Caprai from weekend work and to compensate him for the excused weekend days not only determines the rights of the parties on the issue, it also directs the employer to pay money and/or to perform a particular act. The order is appealable as a final order on a collateral issue. (*Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116 [199 P.2d 668].)

The court justified its order based on Labor Code section 230, subdivision (a), governing an employer's treatment of an employee serving jury duty, and on Code of Civil Procedure section 128, subdivision (a)(5), on the ground that the court had inherent power to assure a fair trial. Neither section justifies the court's order, which was beyond the court's jurisdiction.

Labor Code section 230 provides in relevant part: "(a) No employer shall discharge or in any manner discriminate against an employee for taking time

off to serve as required by law on an inquest jury or trial jury, if such employee, prior to taking such time off, gives reasonable notice to the employer that he is required to serve. . . . [¶] . . . [¶] (c) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of such employment by his employer because such employee has taken time off to serve on an inquest or trial jury . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for such rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor."

Nothing in Labor Code section 230 mandates that employees be paid for time they take off to serve on a jury; the provision states only that employers shall not discriminate against employees "for taking time off to serve as required by law on [a] . . . trial jury." The operative words are that time is taken off "*to serve . . . on [a] . . . trial jury.*" (Italics added.)

Here, the employer's jury duty policy, memorialized in the collective bargaining agreement between the employer and the employees' union, states: "An employee called for jury service will be excused from work on the days which he/she serves, and shall receive for each such day of jury service, the difference between his/her regular straight time day's pay and the amount of jury pay to a maximum of 30 days per calendar year."

The employer's policy excuses *any* employee from work on each and every day the employee *serves* on a jury, and pays any employee/juror the equivalent of a normal day's wages "for each such day of jury service." This provision is neutral and nondiscriminatory on its face.

The collective bargaining provision was also applied neutrally in this case. There is no dispute here that Juror Caprai, like all other employees of his employer, was excused from work on the days on which he actually served as a juror, and he was paid for those days. The policy applied equally to Juror Caprai as to any of the employer's other employees. There was no disparate or discriminatory treatment on account of the time off taken *to serve* on the jury.

The only "discrimination" Caprai could point to was an inconvenience caused to him for either having to work or to take vacation or leave without

pay on the alternate weekends that he was normally scheduled to work; i.e., for taking time off when he was *not* serving on a jury. Labor Code section 230 does not purport to apply to time taken off when not serving on a jury. The court had no jurisdiction under Labor Code section 230 to require the employer (1) to compensate a juror/employee, or (2) to give time off (i.e., not to discriminate against the employee for taking time off) when he *was not serving* on a trial jury.

The collective bargaining provision not only complies with the mandate of Labor Code section 230, it also provides more than is required by the statute. In addition to being excused from work on those work days he served as a juror, Caprai was also paid an ordinary day's wages on those days. The Legislature has not seen fit to require employers to compensate employees for time taken off from work to serve on a jury; it is not within the province of the court to impose additional burdens not sanctioned by statute.

Code of Civil Procedure section 128, subdivision (a)(5), likewise provides no authority or jurisdiction for the court's order. The court apparently believed its inherent power to ensure a fair trial for the accused authorized its action against the employer here, pursuant to Code of Civil Procedure section 128, subdivision (a)(5). We disagree.

Code of Civil Procedure section 128, subdivision (a)(5) provides that: "(a) Every court shall have the power to do all of the following:

". . . . . . . . . . . . . . . . . . . . . . . .

"(5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto."

The employer here was not a ministerial officer of the court. Caprai, as a juror, was a person connected with the Kwee proceeding, and the court could make appropriate orders concerning Juror Caprai, but the employer of a juror is not a person "connected with a judicial proceeding" before the court.

The court attempted to assert direct power over the juror's employer on the theory that, if the court did not have the inherent power to make orders affecting the employer (in order to protect a juror from a perceived violation of Labor Code section 230), then Labor Code section 230 would be unenforceable. The court was mistaken. Labor Code section 230 contemplates a

separate proceeding to determine whether a juror has been discriminated against on account of jury service, and makes it a misdemeanor to refuse to reinstate or otherwise restore an employee who is found to have suffered such discrimination. Appropriate remedies against the employer were separately available for actual discrimination. There was no evidence of any discrimination on account of jury service shown here.

In addition, if Juror Caprai had actually been unable because of weekend work to attend properly to the trial proceedings when he was serving as a juror, the court would have had grounds to excuse him and replace him with an alternate juror.[1] The court was not powerless to act in the furtherance of justice in the case.

In any event, there was no showing made that Kwee or the People would not receive a fair trial if Caprai worked on alternate weekends. Caprai never testified that his weekend work actually affected his ability to perform as a juror in the Kwee trial; he testified only that he was concerned about "working so many consecutive days without a day off." Caprai acknowledged that the employer would allow him to take either vacation time or unpaid time off if he desired a weekend day off, and that he had in fact taken such time off on one of the weekends during trial (before the hearing in this matter). Caprai knew that another employee had taken weekend time off without pay in a similar situation. There was no evidence Juror Caprai's work on alternate weekends impaired his ability to serve on the jury, and thus no showing that Kwee would not receive a fair trial.

DISPOSITION

The order requiring the employer both to relieve Juror Caprai from his regularly scheduled weekend work and nevertheless to compensate him for

---

[1]Caprai's work situation might—though not necessarily—have afforded him a hardship excuse from sitting on a particular jury trial. If the crux of the hardship was loss of earnings, it must be remembered that some potential diminution of earnings is not a valid hardship excuse. "Jury service is a duty as well as a privilege of citizenship; it is a duty that cannot be shirked on a plea of inconvenience or decreased earning power. Only when the financial embarrassment is such as to impose a real burden and hardship does a valid excuse of this nature appear." (*People* v. *McDowell* (1972) 27 Cal.App.3d 864, 874 [104 Cal.Rptr. 181].) Caprai was able to use paid vacation time to take weekend days off, if necessary, without any loss of earnings. The ability to take weekend days off, with or without pay, also answered the potential problem of Caprai's ability to pay attention to the trial proceedings, although, if the court and the parties had known about Caprai's work schedule, he might have been excused as a juror or assigned to a shorter cause.

Caprai must bear the lion's share of the responsibility for whatever hardship or difficulty he suffered here; Caprai admittedly never bothered to inquire or discover what the employer's jury duty policy was—and thus to inform the court—until after he had been selected as a juror.

those days, even though neither the jury nor the court was in session, was beyond the court's authority under either Labor Code section 230 or Code of Civil Procedure section 128, subdivision (a)(5). The order is reversed. Respondent shall pay costs on appeal.

Hollenhorst, Acting P. J., and McKinster, J., concurred.