Filed 9/30/21  State of Cal. v. So. Cal. Edison Co. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| STATE OF CALIFORNIA, | |
| Plaintiff and Respondent, | E074138 |
| v. | (Super.Ct.No. PSC1804345) |
| SOUTHERN CALIFORNIA EDISON COMPANY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Dismissed.

Andrews Lagasse Branch + Bell, Traci S. Lagasse, Cary A. Kinkead, James F. Hayes; Southern California Edison Company, Leon Bass, Jr., Richard D. Arko; Greines, Martin, Stein & Richland, Robin Meadow, Cynthia E. Tobisman and David E. Hackett for Defendant and Appellant.

1

Erin E. Holbrook, Glenn B. Mueller, John Frederick Smith, Julie A. Jordan, Jeffrey R. Benowitz, Heidi A. Skinner, Emily D. W. Sweet and Stacy M. Dooley, for Plaintiff and Respondent.

This appeal arises from a dispute about whether Southern California Edison (Edison) has duties to defend and to indemnify the California Department of Transportation (Caltrans) in lawsuits arising from a bus collision that resulted in numerous fatalities. The trial court granted summary adjudication in favor of Caltrans on its declaratory relief cause of action concerning the duty to defend, and Edison appeals from that order. We conclude that the interlocutory order is not appealable, and we accordingly dismiss this appeal.

BACKGROUND

In October 2016, Edison applied to Caltrans for a permit to encroach on a state highway right-of-way to perform aerial utility work. In its application, Edison specified that traffic breaks would be needed for it to perform the work and that the California Highway Patrol (CHP) would conduct those traffic breaks. Caltrans issued the permit, which provided that the CHP would conduct the necessary traffic breaks. Edison and the CHP entered into an agreement for the CHP to perform specified traffic control services on the day that Edison did the work covered by the encroachment permit.

According to the allegations in the operative complaint, Edison performed the permitted work on October 23, 2016, and the CHP conducted the first traffic break early that morning, causing traffic on the freeway to come to a complete stop. The CHP

2

"released stopped traffic, but a semi tractor-trailer remained stopped at the end of the traffic queue because its driver fell asleep." A bus then collided with the trailer, resulting in the deaths of 13 people and injuring others.

Numerous lawsuits arising from the bus collision were filed. In 2017, Caltrans was named as a defendant in seven of those lawsuits. In 2018, Caltrans tendered its defense to Edison, claiming that the terms of the encroachment permit required Edison to defend and to indemnify Caltrans in the underlying litigation. Edison rejected the tender.

Caltrans filed this action against Edison, alleging claims for breach of contract, express and implied indemnity, and declaratory relief that the allegations in the lawsuits arising from the bus collision triggered Edison's duties to defend and to indemnify. Caltrans moved for summary adjudication on the declaratory relief claim as to the duty to defend. The trial court granted the motion, rejecting Edison's argument that it did not have a contractual duty to defend Caltrans because Edison's work did not include the traffic break. In its order granting the motion, the court "declare[d] that [Edison] had and continues to have an immediate obligation to fully defend Caltrans against all causes of action upon Caltrans's tender of its defense and indemnity on February 8, 2018" in specifically listed lawsuits.

DISCUSSION

Caltrans argues that the appeal should be dismissed because it is not taken from an appealable order.[1] Edison counters that the order granting summary adjudication of the declaratory relief claim is an appealable collateral order. Alternatively, Edison argues for the first time in its reply brief that we should exercise our discretion to treat the appeal as a petition for writ of mandate. We conclude that the order is not appealable, and we decline to treat the appeal as a writ petition.

In general, orders granting summary adjudication are interlocutory and nonappealable under the one final judgment rule. (*Angelica Textile Services, Inc. v. Park* (2013) 220 Cal.App.4th 495, 503 (*Angelica Textile*); *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 850 (*Drum*); see also Code Civ. Proc., § 904.1.) Rather, orders granting summary adjudication may be reviewed on appeal from a final judgment. (*Angelica Textile*, *supra*, at p. 504.)

The collateral order doctrine is an exception to the one final judgment rule and allows an appeal from an interlocutory order under certain circumstances. (*Drum*, *supra*, 139 Cal.App.4th at p. 850; *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119; *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 (*Skelley*).) For an interlocutory order to be an appealable collateral order, "the interlocutory order must (1) be a final determination (2)

---

[1] After Edison filed its notice of appeal and civil case information statement, we asked it to submit authorities demonstrating the appealability of the summary adjudication order. Edison complied, and we found there to be an arguable basis for the appeal based on the authorities submitted, allowing the parties to address the issue in their briefs.

4

of a collateral matter (3) and direct the payment of money or performance of an act." (*Apex LLC v. Korousfood.com* (2013) 222 Cal.App.4th 1010, 1016 (*Apex*).)

We assume for the sake of argument that the summary adjudication order on the declaratory relief claim meets the first two requirements, that is, that the order finally determined a collateral matter. We therefore analyze whether the order satisfied the third requirement by "directing payment of money or performance of an act." (*Skelley*, *supra*, 18 Cal.3d at p. 368.) The parties do not dispute that the third requirement must be met.

The summary adjudication order does not satisfy the third requirement. In granting summary adjudication on Caltrans's declaratory relief claim, the trial court did not direct payment of money or performance of any act. Rather, the trial court granted the requested declaratory relief, which had the effect of clarifying the parties' rights and obligations under the encroachment permit as to Edison's duty to defend Caltrans in the underlying litigation. That is the nature of declaratory relief. (See *Kirkwood v. California State Automobile Assn. Inter-Ins. Bureau* (2011) 193 Cal.App.4th 49, 59.) The remedy is used "to declare rather than execute rights." (*Ibid.*) Caltrans did not seek, and the trial court did not grant, an order directing Edison to defend Caltrans or to pay for defense costs. The summary adjudication order thus declared the parties' rights and duties under the encroachment permit without ordering further relief. (Code Civ. Proc., § 1060 ["the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time"].)

Focusing on the order's statement that Edison "had and continues to have an immediate obligation to fully defend Caltrans," Edison claims that the order did require immediate payment and action by Edison. But the quoted language states only that Edison has a duty to defend; it does not command Edison to perform any specific acts pursuant to that duty. (See generally *Crawford v. Weather Shield Mfg., Inc.* (2008) 44 Cal.4th 541, 553-555 [describing the duty to defend].) Accordingly, the quoted language is a declaration of the parties' rights and obligations under the encroachment permit and nothing more. The language stating Edison's obligation to defend Caltrans did not transform the declaratory relief order into an order for specific performance or a mandatory injunction, as Edison argues. (See *Ermolieff v. R.K.O. Radio Pictures* (1942) 19 Cal.2d 543, 547 [declaratory relief is an alternative and milder remedy than injunctive relief].) Because the trial court did not order Edison to pay Caltrans or to perform any act, the order does not satisfy the third requirement of the collateral order doctrine and therefore is not appealable.[2]

Edison argues that the order here is materially identical to the order found appealable in *American Motorists Ins. Co. v. Superior Court* (1998) 68 Cal.App.4th 864

---

[2]     Citing correspondence that Caltrans sent to Edison after the summary adjudication order, Edison argues that Caltrans understood the order to provide more than declaratory relief. Edison attached the letters as exhibits to its letter brief addressing appealability but has not asked this court to take judicial notice of them. The letters were not part of the record in the trial court and are not part of the record on appeal. In any event, the correspondence does not show that the trial court's order required Edison to pay money or to perform an act, or that Caltrans thought it did. Rather, it shows that Caltrans asked Edison to perform its duty to defend and relied on the trial court's declaration that Edison owed Caltrans such a duty.

6

(*American Motorists*).  We do not agree.  In *American Motorists*, the appellate court noted that in a prior unpublished opinion it had affirmed the trial court's order summarily adjudicating a duty to defend claim *and* an enforcement order issued two years later directing the insurer to immediately pay the insured for the existing attorney fees and costs and to "remain current in paying its share of 'the full cost of defending'" the underlying actions.  (*Id.* at p. 869.)  In that prior unpublished opinion, the court had "held that the trial court's resolution of the duty to defend issues by means of a summary adjudication order *later enhanced by a second order directing compliance with the first order were together appealable* because 'nothing further remained to be litigated in this action with respect to the duty to defend.'"  (*Id.* at p. 873, italics added.)  The court determined that "by 'ordering the immediate payment of defense costs, the court below in effect severed the duty to defend from the remaining issues.'"  (*Ibid.*)

*American Motorists*, *supra*, 68 Cal.App.4th 864 is distinguishable and does not aid Edison, because the order granting summary adjudication on the duty to defend claim in *American Motorists* was not found appealable standing alone.  Rather, the order was appealable only in conjunction with a later enforcement order directing payment to the insured.  Indeed, if the summary adjudication order had been appealable on its own, then the appeal two years later would have been untimely.  (Cal. Rules of Court, rule 8.104(a)(1).)  No similar order directing payment or compliance exists here.  *American*

7

*Motorists* thus does not support Edison's contention that the order summarily adjudicating the declaratory relief claim as to Edison's duty to defend is appealable.[3]

Edison also relies on *United Pacific Ins. Co. v. Hanover Ins. Co.* (1990) 217 Cal.App.3d 925 for support, but it is similarly unavailing. There too the collateral order the court found appealable "unequivocally commanded the payment of money." (*Id.* at p. 941.) Again, that is not what happened here.

For all of these reasons, we conclude that the order summarily adjudicating Caltrans's declaratory relief claim as to the duty to defend is not an appealable order. We consequently must dismiss the appeal.[4]

For the first time in its reply brief, Edison argues that if we conclude that the order is not appealable, then we should treat the appeal as a petition for writ of mandate. We ordinarily do not consider issues raised for the first time in the reply brief. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388 (*Mansur*).) "'Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief

---

[3]     In *Watts Industries, Inc. v. Zurich American Ins. Co.* (2004) 121 Cal.App.4th 1029, the Court of Appeal addressed the merits of an appeal from a summary adjudication order on an insurer's duty to defend when the trial court had also ordered the insurer to reimburse the insureds for defense costs already incurred and to pay further costs until the underlying suit was resolved. (*Id.* at pp. 1037-1038.) The appellate court explained that it denied the insureds' motion to dismiss the appeal because "although the summary adjudication order on duty to defend normally would not be appealable by itself, the payment order is appealable." (*Id.* at p. 1038.) Thus, like *American Motorists*, *supra*, 68 Cal.App.4th 864, the case does not stand for the proposition that an order summarily adjudicating the duty to defend is appealable in the absence of an enforcement order.

[4]     Because we do not reach the merits of the appeal, we deny Edison's request to take judicial notice of materials it claims are relevant to the merits.

8

because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277-278.)  Edison has not provided any reason for failing to make the argument in its opening brief.  (*Mansur*, *supra*, at pp. 1387-1388.)  We therefore decline to treat the appeal as a writ petition.

DISPOSITION

The appeal is dismissed.  Caltrans shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

SLOUGH

Acting P. J.

RAPHAEL

J.