[No. B071309. Second Dist., Div. Five. June 14, 1994.]

NEDA S. WALTON et al., Plaintiffs and Respondents, v.
PHILIP L. MAGNO, Defendant and Appellant.

**COUNSEL**

Paul Anthony Stabile for Defendant and Appellant.

Julius Johnson for Plaintiffs and Respondents.

**OPINION**

**GRIGNON, J.**—Defendant and appellant Philip L. Magno appeals from an order granting a motion for judgment notwithstanding the verdict brought by plaintiffs and respondents Curnie L. Walton and Neda S. Walton after a jury verdict in favor of Magno on the issue of liability. The trial court ordered a trial on the issue of damages. We conclude the appeal is taken from a

nonappealable order and there is no final judgment. Accordingly, we dismiss.

## PROCEDURAL BACKGROUND

Plaintiffs filed an action against defendant for malicious prosecution arising out of an action for fraud brought by defendant against plaintiffs, which fraud action had terminated in plaintiffs' favor. The malicious prosecution action proceeded to trial before a jury. The trial court found defendant had not acted with probable cause in filing the underlying action. The matter was then submitted to the jury on the issues of malice, compensatory damages and punitive damages. On July 13, 1992, the jury returned a special verdict finding defendant had not acted with malice in filing the underlying action. Judgment on the special verdict was entered in favor of defendant on that same date. On July 28, 1992, plaintiffs brought a motion for judgment notwithstanding the verdict. This motion was granted on August 11, 1992, and the trial court ordered a trial on the issue of damages. On August 17, 1992, plaintiffs served a notice of ruling that the motion for judgment notwithstanding the verdict had been granted. On October 6, 1992, defendant appealed from the order "granting [plaintiffs'] Motion for Judgment Notwithstanding the Verdict."[1]

## DISCUSSION

After reviewing the record, we asked the parties to submit letter briefs addressing whether the appeal was brought from an appealable order or final judgment. The parties filed the requested letter briefs. We conclude there is no appealable order or final judgment and the appeal must be dismissed.

After a jury trial, the clerk must enter a judgment in conformity with the verdict within 24 hours of rendition of the verdict. (Code Civ. Proc., § 664.) This is so whether or not a motion for judgment notwithstanding the verdict is pending. (*Ibid.*) A party against whom a verdict has been rendered may move for a judgment notwithstanding the verdict. (*Id.* at § 629.) The motion may be made prior to entry of judgment. (*Id.* at §§ 628, 659.) It must be made within (1) 15 days of mailing by the clerk or service by a party of notice of entry of judgment or (2) 180 days after entry of judgment, whichever is earlier. (*Id.* at § 659) The trial court renders judgment notwithstanding the verdict when a motion for directed verdict should have been

---

[1]The notice of appeal also states the appeal was taken from an order of the trial court granting a motion for new trial. No motion for new trial was made. The notice of appeal further states the appeal was taken from the judgment entered on the order granting judgment notwithstanding the verdict. No such judgment was entered. The matter is still pending as to damages.

granted if made. (*Id.* at § 629.) A trial court may order a partial judgment notwithstanding the verdict. (*Beavers* v. *Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 322-332 [274 Cal.Rptr. 766].) The trial court must rule on the motion within 60 days from (1) mailing by the clerk of notice of entry of judgment, (2) service by a party of notice of entry of judgment or (3) filing of the motion, whichever is earlier. (Code Civ. Proc., §§ 629, 660.)

■ Our ability to hear an appeal is jurisdictional. We cannot act unless we have been granted the jurisdiction to do so. (*Horton* v. *Jones* (1972) 26 Cal.App.3d 952, 956 [103 Cal.Rptr. 399].) ■ "The 'one final judgment rule' has been denominated a basic principle of appellate practice." (*Ibid.*) This principle prevents piecemeal dispositions and multiple appeals in a single action which would be oppressive and costly. (*Id.* at p. 957.) "The codification of the [one final judgment] rule is set forth in Code of Civil Procedure section 904.1." (*Id.* at p. 956.) ■ "An order granting judgment notwithstanding the verdict is not a final judgment and is not an appealable order." (*Herman* v. *Shandor* (1970) 8 Cal.App.3d 476, 479 [87 Cal.Rptr. 443].) It is not listed as an appealable order in Code of Civil Procedure section 904.1. (*Ibid.*)

■ Actions between parties must be finalized before an appeal is permitted. Appeals may not be taken from interlocutory judgments. Thus, for example, when a trial is bifurcated and first proceeds on the issue of liability, no appeal is allowed until both the liability and damage phases of the trial have been completed. (*Beavers* v. *Allstate Ins. Co.*, *supra*, 225 Cal.App.3d at p. 326; *Plaza Tulare* v. *Tradewell Stores, Inc.* (1989) 207 Cal.App.3d 522, 524 [254 Cal.Rptr. 792].) Portions of a trial are only subject to appeal after one final judgment has been entered. (*Beavers* v. *Allstate Ins. Co.*, *supra*, at pp. 329-330.)

■ Here, plaintiffs properly and timely moved for judgment notwithstanding the verdict after judgment in favor of defendant had been entered in conformity with the jury's special verdict.[2] The motion was granted, resulting in an interlocutory judgment of liability against defendant and a trial on the issue of damages. The appeal was brought from the trial court's order granting the motion for judgment notwithstanding the verdict, a nonappealable order. Although a final judgment entered following the grant of a motion for judgment notwithstanding the verdict is appealable, no final

---

[2]A motion for judgment notwithstanding the verdict may not be brought in a bifurcated trial following a verdict on liability *in favor of plaintiff* where damages are still to be tried. (*Meyser* v. *American Bldg. Maintenance, Inc.* (1978) 85 Cal.App.3d 933, 935-937 [149 Cal.Rptr. 808]; *Horton* v. *Jones, supra,* 26 Cal.App.3d at p. 955.) Here, the liability verdict was in favor of defendant thereby concluding the trial.

judgment has been entered in this case. Defendant is in effect appealing from an interlocutory judgment of liability while the issue of damages is yet to be tried. No appeal lies from such an interlocutory judgment. Accordingly, the appeal is premature. The actions between the parties have not yet been finalized. To permit an appeal at this juncture would result in at least two appeals, a practice which is to be discouraged.

### DISPOSITION

The appeal is dismissed. The parties are to bear their own costs on appeal.

Turner, P. J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 28, 1994.