Filed 12/15/25  Westwood Village Condominium Assn. v. Allen CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| WESTWOOD VILLAGE CONDOMINIUM ASSOCIATION,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DEAN ALLEN, as Successor Trustee, etc.,<br><br>　　Defendant and Appellant. | A169848<br><br>(Contra Costa County Super. Ct. No. MSC20-00938) |

Defendant Dean Allen, Successor Trustee of the Jack E. Zuschin Revocable Trust Dated May 14, 2011 (Allen), appeals from an order finding that plaintiff Westwood Village Condominium Association (Westwood) was the prevailing party in their litigation.  (Civ. Code, § 5975.)  The trial court had previously denied Westwood's first prevailing party motion as premature, without prejudice to filing it again.  Allen contends that the second motion Westwood filed was nevertheless a renewed motion subject to the requirements of Code of Civil Procedure section 1008.[1]  Urging that this second motion did not meet the requirements of section 1008, Allen argues that the court lacked jurisdiction to rule on it.

---

[1] Except as otherwise indicated, all statutory references are to the Code of Civil Procedure.

1

We will affirm the order. By denying the first motion "without prejudice," the trial court necessarily gave Westwood permission to file the motion again at a later date. Section 1008 therefore did not apply and the court had jurisdiction to grant the second motion. Indeed, Allen had stipulated that the second motion should be heard to resolve the case. Moreover, Allen fails to show that the purported error was prejudicial.

## I. FACTS AND PROCEDURAL HISTORY

Westwood is a homeowner's association for a condominium complex. In May 2020, it sued the owner of one of the condominiums, Jack E. Zuschin, as an individual and as Trustee of the Jack E. Zuschin Revocable Trust dated May 14, 2011 (Zuschin). The complaint alleged that Zuschin breached the association's covenants, conditions and restrictions (CC&Rs) by causing "excessive noise, inviting homeless individuals to the project, parking prohibited recreational vehicles in the common areas, [and] littering the common area with cigarette butts, trash, motorcycle parts, damp boxes and broken furniture." (See Civ. Code, § 5975 [association may enforce CC&Rs against owner].)

Zuschin was declared mentally incompetent, and Allen became the successor trustee in May 2021. Westwood filed a first amended complaint adding Allen, as the new trustee of the trust, as a defendant and alleging that Allen in that capacity was the legal owner of the condominium. Westwood continued to allege that Zuschin, as an individual and as trustee, was the legal owner of the property. The amended complaint referred to Zuschin and Allen as "Defendants." (Only Allen has appealed. We therefore refer to Defendants or Allen as the context requires.)

In March 2023, Westwood reinspected the property and found that Defendants cured the violations after the lawsuit was filed. The parties

sought a continuance of the May trial date based on their April stipulation that "the most efficient manner to fully resolve this litigation is through a motion for prevailing party determination and attorney's fee award, if appropriate." The trial court continued the trial date to October 23, 2023.

In May 2023, Westwood filed a motion pursuant to Civil Code section 5975 for a prevailing party determination and attorney fees. (*Id.*, § 5975, subd. (c) ["In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs"].) Westwood contended that it was the prevailing party because its lawsuit caused Allen to cure the CC&R violations.

Notwithstanding the parties' stipulation, Allen opposed the motion on the ground that it was premature because the case had not yet been resolved by dismissal, settlement, or trial. He also disputed that Westwood was the prevailing party and that the requested attorney fees were reasonable.

The trial court (Judge Maier) denied the motion "without prejudice" on the ground that it was premature. It did not address the merits.

In September 2023, Westwood filed a second prevailing party motion pursuant to Civil Code section 5975. The second motion was nearly identical to the first, except that the supporting documents attached different exhibits and requested a different amount of attorney fees.

With trial quickly approaching, the parties filed a stipulation on October 12, 2023, to further continue the trial date and to set a hearing on the motion. The stipulation recited that the lawsuit was brought to compel Defendants to cure the CC&R violations, that a subsequent inspection revealed that Defendants had done so, and that Westwood believed it had achieved its litigation objectives. The parties again agreed "that a trial in this matter is therefore unnecessary and the most efficient manner to fully

resolve this litigation is through a motion for prevailing party determination and attorney's fees award, if appropriate." The stipulation acknowledged the prior denial without prejudice of Westwood's first prevailing party motion and the parties' agreement to "continue the trial date and proceed with [the pending] motion for [a] prevailing party determination." Accordingly, the parties requested that the trial date be continued to the same date as the hearing on the prevailing party motion and that other dates be reset "to allow this Court to hear [the] Association's renewed Motion for Prevailing Party Determination and Attorney's Fees." Judge Maier vacated the trial date and reassigned the case to Judge Treat.

Despite the stipulation, Allen, in opposing Westwood's second motion, claimed that it was a renewed motion within the meaning of section 1008, that it did not comply with the requirements of subdivision (b) of that section, and that the trial court therefore lacked jurisdiction to hear it. Allen did not, however, dispute that Westwood should be deemed the prevailing party.

Westwood's reply conceded that it had not filed the affidavit required by section 1008, subdivision (b), but argued that its motion nonetheless complied with the statute. In particular, Westwood asserted that the declarations supporting the second motion included "substantial new facts" (without identifying them) regarding Westwood's unsuccessful attempts to obtain Defendants' compliance with the CC&Rs before the lawsuit.

The trial court (Judge Treat) heard Westwood's second motion on December 7, 2023. By written order, the court agreed that the motion did not comply with the requirements of section 1008, subdivision (b), but observed that the motion was "bailed out by the express stipulation of the parties filed on October 12, 2023," which waived any procedural objections. Judge Treat granted Westwood's motion, declared Westwood to be the prevailing party,

4

awarded Westwood $95,182.75 in attorney fees plus costs, and directed Westwood to proffer a dismissal with prejudice.

The case was thereafter dismissed with prejudice "subject to the attorney's fees order pending in appeal." Allen timely appealed.

## II. DISCUSSION

In this appeal, Allen does not contend that he should be deemed the prevailing party, that the attorney fees award was unreasonable, or that a reversal would result in anything other than the reentry of the order from which he appeals. Instead, he argues that Westwood's motion was governed by section 1008, the requirements of that statute cannot be waived, and the trial court lacked jurisdiction to grant the motion.

Allen's argument is unavailing. The trial court had jurisdiction to rule on Westwood's second prevailing party motion because it had denied the first prevailing party motion without prejudice. In any event, Allen does not establish that the court's ruling was prejudicial.

### A. Section 1008

Section 1008, subdivision (b), provides that a party who originally applied for an order that was refused "may make a subsequent application for the same order upon *new or different facts, circumstances, or law,* in which case it shall be shown by *affidavit* what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Italics added.) An order on a "subsequent application" without complying with these requirements may be revoked or set aside. (*Id.*, subd. (b).) Section 1008 "*specifies the [trial] court's jurisdiction* with regard to applications for reconsideration of its orders and renewals of previous motions and applies to all applications to reconsider any order of a judge or court, or for the renewal

5

of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (*Id.*, subd. (e), italics added.)

B. <u>Denial of Motion Without Prejudice</u>

Notwithstanding section 1008, the denial of a motion without prejudice invites the moving party to renew the motion when the noted deficiency has been corrected. Thus, where the trial court has denied a motion as "premature," it has not been substantively decided and may be refiled without meeting the requirements of section 1008. (*Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1015 (*Farber*) ["[T]he trial court indicated it wanted to reconsider the . . . issue when it denied the first motion without prejudice, so section 1008 is inapplicable. Denial of a motion without prejudice impliedly invites the moving party to renew the motion at a later date, when he can correct the deficiency that led to the denial," italics omitted]; *Nat. Grange of Order of Patrons of Husbandry v. Cal. Guild* (2019) 38 Cal.App.5th 706, 716, fn. 10 [quoting *Farber*]; see Cal. Judges Benchbook: Civil Proceedings Before Trial (CJER 2025) Exclusive Remedy, § 6.45.)

Here, the trial court denied Westwood's first prevailing party motion "without prejudice"; thereby, giving Westwood leave to file it again. When Westwood did just that, the court had jurisdiction to rule on it.[2]

---

[2] In ruling on Westwood's second motion, the trial court recognized that "when a motion is denied on the sole ground that it is premature, necessarily [section] 1008 is no bar to refiling the motion once the ground for prematurity has been removed or overcome. That is precisely what the Court meant when it denied the prior motion 'without prejudice.'" The court did not grant the second motion on this basis, but we may affirm the order on any ground. (*D'Amico v. Bd. of Medical Examiners* (1974) 11 Cal.3d 1, 19.) Allen had the

6

Allen argues that, where an initial motion is denied without prejudice, a subsequent motion should not be filed unless the defect in the first motion has been cured. According to Allen, Westwood's second motion was therefore improper because it was virtually identical to its first motion and was still premature. But his argument is unpersuasive. If the second motion was still premature, that continued prematurity provided a ground for the trial court to deny it. It did not deprive the court of jurisdiction to rule. Moreover, Allen fails to show that the second motion was, in fact, premature. He did not substantially argue the issue in opposing the second motion below. Nor has he cited legal authority suggesting that the second motion was still premature. To the contrary, he acknowledged that the second motion was ripe for decision by stipulating that a ruling on it was the best way to resolve the lawsuit.

Allen further notes that section 1008 says that it "applies to *all* applications to reconsider any order of a judge or court, or for the renewal of a previous motion." (*Id.*, subd. (e), italics added.) He argues that, if the Legislature intended an exception where a prior motion had been denied without prejudice, it would have stated so in the statute. But notwithstanding the statutory language, our Supreme Court established long ago that reconsideration of a prior order is not barred by section 1008 if it arises from the trial court's own motion. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097.) A motion filed after a denial without prejudice is similar, as it responds to the court's invitation to file the motion again. (*Farber, supra*, 141 Cal.App.4th at p. 1015 [the "trial court indicated it

___

opportunity to be heard on the matter, as he addressed the denial of the earlier motion without prejudice in his opposition to the second motion, claiming there were no exceptions to section 1008.

wanted to reconsider the . . . issue when it denied the first motion without prejudice," italics omitted].) And while Allen proclaims that interpreting section 1008 in this way would "completely frustrate the intent and purpose of [section] 1008 of limiting the number of reconsideration and renewal motions," *Farber* concluded otherwise, as do we.[3]

Finally, Allen argues that Judge Treat lacked authority to reconsider a motion denied by Judge Maier. (See *Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1361; *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 393.) Allen forfeited this argument, however, by not raising it in the trial court. (*Premier Medical Management Systems, Inc. v. Cal. Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Moreover, Judge Maier ruled only that the first motion was premature at the time of her ruling, without reaching the merits. That ruling occurred before the parties stipulated that the second motion should be heard to resolve the case. Indeed, Allen did not oppose the second motion on the ground that it was premature. Instead, he argued that the motion failed to meet the requirements of section 1008. Judge Treat therefore did not reconsider Judge Maier's ruling on the first motion when he decided Westwood's second motion. Furthermore, his rejection of Allen's section 1008 argument and his finding on the merits that Westwood was the prevailing party did not contradict Judge Maier's order, because Judge Maier had not ruled on those

---

[3] We do not see how our decision today frustrates the purpose behind section 1008. If a trial court wishes to limit the number of reconsideration motions, it may decline to deny the motion without prejudice. The court may also specify the condition that must occur before the motion may be filed again. (See, e.g., *People v. Gregor* (2022) 82 Cal.App.5th 147, 151 ["The trial court denied defendant's motion without prejudice to refiling if the amendments passed"].)

8

issues. In sum, Allen fails to show that the court lacked jurisdiction to rule on the second motion.

C. Harmless Error

Even if the trial court had erred, Allen could not obtain relief on appeal without showing that the error "resulted in a miscarriage of justice" (Cal. Const., art. VI, § 13) and that there is a reasonable probability he would have obtained a more favorable result in the absence of the error (*People v. Watson* (1956) 46 Cal.2d 818, 836). He fails to do so.

Allen does not establish that the trial court erred on the merits in deciding that Westwood is the prevailing party. He does not argue that the court erred in its award of attorney fees to Westwood. He does not show that it was unjust for the court to rule on the second motion after he obtained a postponement of the trial based on his stipulation that the court *should* rule on that motion. Nor does he identify any prejudice in the prevailing party determination being made by Judge Treat in December 2023 as opposed to some later time, such as after a request for dismissal or after remand from this court.[4] In short, Allen has not demonstrated any probability that he would have fared better without the purported error.

Accordingly, Allen has not shown prejudice and is not entitled to relief. In light of this conclusion and our conclusion that the trial court had jurisdiction because the earlier prevailing party motion was denied without prejudice, we need not and do not decide whether Westwood's second motion

---

[4] The trial court expressed a similar view when it stated: "[E]ven if you convince me that I should deny this motion on the grounds that Judge Maier ruled that the matter was premature, and it's still premature under [section] 1008, we know how [Westwood] can cure that. They just dismiss and then bring their motion. At that point, Judge Maier's ruling is not going to stand as an obstacle, and you're going to have to face the same motion."

complied with section 1008 or whether Allen's stipulation constituted a waiver of the statute's requirements.

D. <u>Westwood's Request for Attorney Fees and Costs</u>

Westwood contends that "[j]ust as the trial court properly awarded attorney fees in the proceedings below, [it] is also entitled to an award of fees incurred in responding to this appeal." (See *Morcos v. Bd. of Retirement* (1990) 51 Cal.3d 924, 927.) Westwood therefore asks us to direct the court to "award . . . attorney fees and costs on this appeal in an amount to be determined by the trial court on remand and to be added to the judgment."

The issues of whether to award attorney fees and the amount to be awarded are best resolved by the trial court in the first instance. (See *People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theatre* (1985) 165 Cal.App.3d 378, 387–388.) The court may consider those issues on remand. We express no opinion as to whether attorney fees on this appeal should be awarded or the amount of such an award.

## III. <u>DISPOSITION</u>

The order is affirmed.

CHOU, J.

We concur.

JACKSON, P. J.
SIMONS, J.

A169848/ *Westwood v. Allen*

10